UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BRENDA MAXTON,

                    Plaintiff,

          -against-

UNDERWRITERS LABORATORIES, INC.,

                  Defendant.
-----------------------------------------------------------------

**COMPLAINT**

Jury Trial Demanded

**SUMMONS ISSUED**

**CV 12 1337**

SPATT, J.

TOMLINSC...

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAR 19 2012 ★

LONG ISLAND OFFICE

Plaintiff, BRENDA MAXTON, by her attorneys, Leeds Morelli & Brown, P.C., as and for her complaint against the Defendant herein, alleges, upon personal knowledge and upon information and belief as to all other matters:

**<u>JURISDICTION AND VENUE</u>**

1. This action is brought against Defendant, Underwriters Laboratories, Inc. ("UL") for its violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.*, the New York Executive Law, the Human Rights Law, § 290 *et seq.*, and any other cause of action which can be inferred from the facts set forth herein.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

3. Venue is proper pursuant to 28 U.S.C. § 1391.

4.  All prerequisites to the institution of this action have been met. A charge of discrimination was duly filed with the EEOC and a Right to Sue letter was issued on January 26, 2012. This action is filed within 90 days thereof.

## PARTIES

5.  Plaintiff, Brenda Maxton ("Maxton"), was and still is a resident of Suffolk County.

6.  Defendant, Underwriters Laboratories, Inc., at all times hereinafter mentioned, maintains a primary place of business at 333 Pfingsten Road, Northbrook, IL 60062. Plaintiff was employed at Defendant's New York office, located at 1285 Walt Whitman Road, Melville, NY 11747.

## BACKGROUND FACTS

7.  Brenda Maxton is a 50 year old, African-American female; she is a practicing Jehovah's Witness. Brenda's date of birth is January 10, 1962.

8.  On May 5, 1997, Brenda began working for Underwriters Laboratories as a clerical specialist. At the time of her termination, she was a Project Handler II.

9.  In January 2009, Brenda complained to Gary Johnson (Section Manager - Caucasian), that her co-worker, David Keen (Caucasian), frequently sexually harassed and intimidated her. Brenda complained that Keen followed her throughout the office and often stared at her in a lascivious manner and invaded her personal space, which made Brenda very uncomfortable. Despite complaining to Johnson, Keen's behavior continued and he began standing directly behind Brenda in her cubicle while she was on the phone with clients.

10. Thereafter, Brenda was retaliated against for her complaint in the form of a hostile work environment in which she was ostracized by many of her coworkers, including Anna-Marie Vessey, Peter Washington, and Lana Thomas.

11. On or about October 29, 2009, Brenda's seating location was changed so that she worked in the row directly next to that of Keen, her harasser.

12. On February 23, 2010, Johnson gave Brenda a performance appraisal. While the appraisal was positive overall, Johnson accused Brenda of being confrontational but failed to explain this statement or give examples. When Brenda inquired into her qualifications for a promotion, Johnson stated that she had to do all the things listed in the title qualifications, including working in the laboratory, for the position of Project Handler I, which is a higher position than Project Handler II, before she could be considered for a promotion. However, neither Elise Martin nor Deborah Williams, both Caucasian, worked in the laboratory prior to becoming Project Handler I. Margaret Peggy Sohl (Caucasian) was not told she had to work in the laboratory before becoming Project Handler I. Upon information and belief, Johnson made the baseless accusation that Brenda was confrontational and refused to consider her for a promotion in retaliation for Brenda's complaints of sexual harassment.

13. On March 18, 2010, Brenda complained to Dorlena Dunbar (Human Resources Manager) that Johnson had engaged in the aforementioned retaliatory conduct. In response, rather than take action to prevent Brenda from being subjected to further retaliation, Dunbar suggested

that Brenda change her body language and then gave her instructions on how to hold her shoulders.

14. In April 2010, Kathy Wagner (Caucasian) was promoted to Project Handler I.  At the time of her promotion, Wagner had not met all the qualifications for the position as she had not worked in the laboratory.  Charlene Molina (Caucasian) was also promoted to Project Handler I, even though she had been working at Underwriters Laboratories for only approximately four years.  Meanwhile, Brenda was denied the promotion despite her many years of experience with UL, involving progressively greater responsibility, and her consistently positive performance appraisals.  Upon information and belief, Brenda was denied the promotion in favor of less qualified white coworkers due to her color and/or in retaliation for her complaints of discrimination.

15. On August 9, 2010,  Eric Bull stated, "Jehovah's Witnesses are shady."  In response, Melyvn Grossman (Engineer - Caucasian) stated, "They are shady!"

16. On August 10, 2010, Brenda complained to Grossman about the Jehovah Witness comment he made.

17. Moreover, despite her prior complaints, Brenda continued to be subjected to offensive sexual harassment and sexually inappropriate comments.  For example, in mid-August 2010, Max Rodriguez (Engineer) told Bull to "suck [his] dick" in front of Brenda.

18. Additionally, in September 2010, Brenda overheard Bull say, "Savannah said that Brenda wears control top underwear."

19. In October 2010, Brenda requested to have her seat changed so that she could sit with the rest of her work section (Section 3013BMEL). Norman Lowe (Engineering Team Leader) told Brenda he would look into it with Jon Schuette (Engineering Manager - Caucasian), but neither Lowe nor Schuette addressed the matter.

20. In January 2011, Brenda again requested to have her seat changed; however, Schuette again failed to address the matter.

21. On February 3, 2011, Brenda was informed that her employment was being terminated from UL, effective February 28, 2011. UL claimed that Brenda's termination was due to a reduction in force (RIF) and her position was being eliminated. This RIF, however, was used as a pretext for retaliation, as subsequent to Brenda's termination, UL advertised a job whose description matched that of Project Handler II, despite UL's claims that she was terminated because her position no longer existed.

22. Based on the foregoing, Brenda has suffered a loss of earnings and benefits, future earnings and benefits, emotional damages and physical damages. Plaintiff is thus entitled to all forms of applicable compensatory damages, equitable relief, and any other damages and/or remedies under state and Federal law as a result of the unlawful discrimination to which she was subjected by the Defendant on the basis of her race, color, age, and/or in retaliation for

5

her complaints of discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. §
2000e; the New York State Executive Law, the Human Rights Law, Section 290, *et seq.*, as
well as other applicable federal, state, and local laws.

## CLAIMS FOR RELIEF

23. Defendant, UL, took the aforementioned acts of discrimination, harassment, and/or
retaliation based on Plaintiff's age, race, religion, and due to Plaintiff's complaints of
discrimination. As such, Defendant, UL, is in violation of Title VII of the Civil Rights Act
of 1964, 42 U.S.C. §2000-e, et seq., and the New York State Executive §290 et seq.

WHEREFORE, Plaintiff demands judgment against defendant for all compensatory,
emotional, physical, and punitive damages, lost pay, front pay, injunctive relief, reinstatement
and any other damages permitted by law. It is further requested that this Court grant reasonable
attorneys' fees and the costs and disbursements of this action and any other relief to which
Plaintiff is entitled. Plaintiff demands a trial by jury.

Dated: Carle Place, New York
March 15, 2012

Respectfully submitted,

LEEDS MORELLI & BROWN, P.C.
*Attorneys for Plaintiff*
One Old Country Road, Suite 347
Carle Place, New York 11514
(516) 873-9550

By: _____
Thomas Ricotta (TR-1900)

6